50 F.3d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jobie Butch BANKS III, a/k/a Butch, Defendant-Appellant.
 No. 93-5560.
 United States Court of Appeals, Fourth Circuit.
 Submitted February 28, 1995.
Decided March 22, 1995.
 
 Vernon F. Daughtridge, Wilson, NC, for appellant. Janice McKenzie Cole, U.S. Atty., Christine B. Hamilton, Asst. U.S. Atty., Raleigh, NC, Harlan A. Freilicher, Student Practitioner, for appellee.
 Before HAMILTON and WILLIAMS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 A jury convicted Jobie Butch Banks III, of conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C.A. Secs. 841(a)(1), 846 (West 1981 & Supp.1994).* The district court sentenced Banks to 151 months imprisonment, ordered five years of supervised release, and imposed a $50 special assessment. He appeals his conviction. Banks' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his view, no meritorious issues exist for appeal. Banks also filed a supplemental brief raising two additional issues. After a complete and independent review of the record, we affirm Banks' conviction and sentence.
 
 I.
 
 2
 Banks' first argument on appeal is that the court erred in admitting evidence. Testimony at trial disclosed that detectives conducted drug interdiction at the Raleigh, North Carolina, bus station. Detective Shelly Murray testified that she and other detectives saw Kenneth Staton and Ian Jack leave the bus together and have a brief conversation inside the terminal before they separated. The detectives stopped Kenneth Staton, who was carrying two plastic bags and a black tote bag, and asked him to accompany them to an area where they could have a private conversation. Staton followed the detectives and dropped one of the bags on the way. Another detective saw Staton drop the bag; he returned it to Detective Murray. Staton consented to a search of all his bags. The detectives arrested Staton when they found crack cocaine in a large plastic bag in one of his bags. Staton then agreed to participate in a controlled delivery of the crack cocaine. The detectives transported Staton to Rocky Mount, North Carolina, where he called Frankie Birth to pick up the crack cocaine. While the detectives were at the Rocky Mount bus station, they saw Ian Jack and arrested him based on information Staton had provided.
 
 
 3
 Staton testified that the crack cocaine belonged to Banks. Staton said he agreed to travel from North Carolina to New York with Banks to pick up cocaine, which Banks cooked into crack cocaine, with the understanding that Staton would return to North Carolina to sell the crack cocaine for Banks. Banks then sent Staton and Jack to North Carolina by bus and instructed Staton to give the bag of crack cocaine to Birth.
 
 
 4
 Jack testified that he sold crack cocaine for Banks beginning in November 1991, that he sold two or three $600 vials a week, and that he observed Banks cook cocaine into crack cocaine at least twice. Jack testified that Banks asked him to travel to North Carolina with Staton with the understanding that Staton would carry the drugs and Jack would collect the money. Jack testified that he saw Banks give Staton a bag of crack cocaine before they left for North Carolina. After detectives arrested Jack, he agreed to cooperate with the Government.
 
 
 5
 Drug Enforcement Agent Chris Jackson arranged the controlled transfer of drugs from Staton to Birth. Jackson testified that he was present when the crack cocaine was delivered to Birth. Both sides stipulated that the baggie confiscated from Staton's bag contained 97.5 grams of crack cocaine. Jackson corroborated Staton and Jack's testimony.
 
 
 6
 The evidentiary rulings of the trial court are entitled to substantial deference and will not be disturbed absent a clear abuse of discretion. United States v. Russell, 971 F.2d 1098, 1104 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (U.S.1993). Although counsel cited no specific errors in the admission of evidence, a thorough and complete review of the trial transcript did not disclose a clear abuse of discretion. Moreover, we find that any improper admission of evidence or testimony was harmless error given the overwhelming evidence of Banks' guilt. See United States v. Grooms, 2 F.3d 85, 89 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3690 (U.S.1994).
 
 II.
 
 7
 Banks next argues that the prosecution improperly vouched for the credibility of witnesses during closing argument. Because Banks did not object at trial to the prosecution's closing argument, Banks is entitled to review only for plain error. See United States v. Olano, 61 U.S.L.W. 4421, 4424 (U.S.1993); United States v. DePew, 932 F.2d 324, 327-28 (4th Cir.), cert. denied, 502 U.S. 873 (1991). We find no plain error here.
 
 III.
 
 8
 Banks' last argument is that his trial counsel rendered ineffective assistance of counsel by failing to object to the prosecutor's closing argument. A claim of ineffective assistance of counsel should be raised by motion under 28 U.S.C. Sec. 2255 (1988), in the district court and not on direct appeal, unless it "conclusively appears" from the record that defense counsel did not provide effective representation. United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973) (citing United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir.1970)); see also United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). Here, no such evidence appears in the record.
 
 IV.
 
 9
 Finally, we have examined the entire record in this case and find no other meritorious issues for appeal. Accordingly, we affirm Banks' conviction and sentence. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The indictment stated that Banks conspired with Kenneth Staton, Ian Jack, and Frankie Birth. In separate cases, Staton and Jack pled guilty to the conspiracy, and Birth was found guilty